JUDGE

06   07   2765

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

LIBANCELL S.A.L., a Lebanese Corporation,

                       Petitioner,

               - against -

THE REPUBLIC OF LEBANON,

                      Respondent.

:
:    Civ. No. _____
:
:
:
:
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PETITION TO CONFIRM FOREIGN ARBITRAL AWARD AND ENFORCE FOREIGN JUDGMENT

Petitioner LibanCell S.A.L. ("LibanCell"), by its attorneys, Baach Robinson & Lewis PLLC, respectfully alleges as and for its Petition against Respondent, the Republic of Lebanon (the "Republic"), as follows:

### INTRODUCTION

1.    This is an action for recognition and enforcement of a foreign arbitral award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 et seq., (the "New York Convention"), and for recognition and enforcement of a foreign judgment pursuant to New York Civil Practice Law and Rules ("CPLR") Article 53.

2.    Along with this petition and in aid of execution of any judgment entered hereon, LibanCell is requesting by separate order to show cause (i) emergency relief to preserve commercial property of the Republic in this district, (ii) a preliminary injunction to preserve the status quo pending entry of judgment on this petition, and (iii) an order of attachment against the Republic's commercial property within this district.

3.     On July 11, 2005, an arbitral panel established under the arbitration rules of the United Nations Commission on International Trade Law (the "UNCITRAL Tribunal") issued an arbitral award in favor of LibanCell against the Republic (the "Arbitral Award").  A true and correct copy of the Arbitral Award is annexed to the accompanying Declaration of Nizar Dalloul in Support of the Petition of LibanCell, S.A.L., dated April 10, 2006, ("Dalloul Decl."), as Exhibit ("Ex.") A.

4.     On September 26, 2005, the Supreme Court of Paris, France entered a judgment directing enforcement of the Arbitral Award (the "Exequatur") (Dalloul Decl. Ex. D).

5.     LibanCell has demanded payment and the Republic has consistently refused — without justification — to pay LibanCell the amounts due under the Arbitral Award.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action pursuant to 9 U.S.C. § 203, 28 U.S.C. §§ 1330 and 1331.

7.     Venue is proper in this Court pursuant to 9 U.S.C § 204 and 28 U.S.C. § 1391.

## THE PARTIES

8.     Petitioner LibanCell is a limited liability corporation organized under the laws of Lebanon with its principal place of business in Beirut, Lebanon.

9.     Respondent, the Republic of Lebanon, is a foreign sovereign whose actions relating to this action fall within enumerated exceptions to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq*.  At all times relevant to this proceeding, the Republic has been a signatory to the New York Convention.  The Republic now maintains

2

commercial property within the Southern District of New York, including monies paid to the Republic in connection with its commercial financial transactions in the district.

### THE UNDERLYING CONTRACTS AND THE AGREEMENT TO ARBITRATE

10.     On or about June 30, 1994, the Republic and Telecom Finland International ("TFI") entered into a written agreement entitled Contract for Build, Operate and Transfer Undertaking for Implementing Cellular GSM Services in Lebanon (the "BOT Contract"). A true and correct copy of the BOT Contract is annexed to the Dalloul Decl. as Ex. B. On November 17, 1994, TFI transferred and assigned the BOT Contract to LibanCell, which was, at certain relevant times, a partially owned subsidiary of TFI. (Dalloul Decl. Ex. A at 6, ¶ 16).

11.     On or about December 12, 2002, LibanCell and the Republic executed the Master Transfer Deed (the "MTD"). A true and correct copy of the MTD is annexed to the Dalloul Decl. as Ex. C.

12.     Sections 12 and 14 of the MTD require that all disputes arising out of that agreement as well as a previous dispute that had arisen under the BOT Contract, were to be submitted to arbitration.

13.     Section 12 provides, in pertinent part, as follows:

12.4.   If the Parties have not resolved the Dispute . . . [it] shall be referred to and finally resolved by arbitration under the UNCITRAL Arbitration Rules as in force (the "UNCITRAL Rules"). The seat of the arbitration shall be Beirut, Lebanon. The Parties waive any right to refer points of law or to appeal to the courts, to the extent that such waiver can validly be made.

12.5.   The arbitral tribunal shall comprise three arbitrators, who shall be appointed in accordance with UNCITRAL Rules. The arbitration proceedings shall be conducted in English and French. Any award shall be made in United States Dollars. The Parties agree that the Arbitration Institute of the Stockholm Chamber of Commerce shall be the appointing authority in accordance with UNCITRAL Rules.

3

12.6.   …..

12.7.   The award of the arbitral tribunal shall be final and binding on the Parties to the arbitration and there shall be no appeal against or judicial review of any award made.  Judgment upon the award rendered may be entered in any court having jurisdiction or application may be made to such court for judicial acceptance of the award and an order of enforcement, as the case may be, subject to the immunities against attachment in Lebanon in favor of the Republic of Lebanon as provided in Article 860 of the Lebanese Code of Civil Procedure which is not capable of being waived.

(Dalloul Decl. Ex. C at 28-29).

14.     Section 14 provides, in pertinent part, as follows:

14.1    Pursuant to Lebanese Law N° 440, the Parties expressly agree to submit all Contractual Disputes to arbitration in accordance with the UNCITRAL Rules (the "UNCITRAL Arbitration"). The UNCITRAL Tribunal shall comprise three arbitrators who shall be appointed in accordance with the UNCITRAL Rules, except that the Parties agree that the Chairman of the UNCITRAL Tribunal shall not be a Lebanese citizen. Each member of the UNCITRAL Tribunal shall be fluent in French and English.
14.2    The Parties shall jointly inform the UNCITRAL Tribunal that they wish the UNCITRAL to:

-       accept jurisdiction to decide the Contractual Disputes;

-       consent that each of the Parties shall be at liberty in the UNCITRAL Arbitration, following a procedural timetable to be determined by the UNCITRAL Tribunal;

        1) to pursue whatever rights, remedies, claims and defenses to which it claims to be entitled; and/or;

        2) to amend and/or supplement its claims and/or counterclaims and/or defenses, as the case may be; or;

        3) to bring new and/or additional claims and/or counterclaims (including any future claims or counterclaims) as it sees fit;

        -   consent to expedite the entire procedure;

        -   consent to the language of the arbitration being French and English;

        -   agree to Beirut, Lebanon as the seat of the arbitration.

        The Parties hereby undertake that they will not pursue or raise any Contractual Disputes before any court or tribunal other than the UNCITRAL Tribunal.

(Dalloul Decl. Ex. C at 32).

## THE ARBITRAL PROCEEDINGS AND ISSUANCE OF THE AWARD

15.     On January 31, 2003, LibanCell initiated the UNCITRAL arbitration to adjudicate disputes arising under the BOT Contract, the MTD, and all related disputes. (Dalloul Decl. Ex. A at 17, ¶ 74.).   At that time, the parties jointly executed and delivered to the UNCITRAL Tribunal a declaration stating that, *inter alia*, they wished for the UNCITRAL Tribunal to accept jurisdiction to decide their dispute, that they consented to the conduct of the arbitration in French and English, and that the arbitration would take place in Beirut, Lebanon. (Dalloul Decl. Ex. A at 16, ¶ 71.)

16.     In March 2003, the UNCITRAL Tribunal was constituted, with Lawyer Peter Wolrich (France) the party arbitrator designated by LibanCell, Lawyer Antoine Akl (Lebanon), the party arbitrator designated by the Republic, and Professor Pierre Tercier (France) as President. (Dalloul Decl. Ex. A at 17, ¶ 72.)

17.     On July 11, 2005, after proceedings that lasted more than two years, the UNCITRAL Tribunal issued a 277-page decision in favor of LibanCell and against the Republic and awarded LibanCell two hundred sixty-five million, one hundred fifty-eight thousand, one hundred eighty-four U.S. dollars ($265,158,184.00), plus interest payable thereafter. (Lewis Decl. Ex. A at 277, ¶¶ 36, 37).

18.     On July 15, 2005, the UNCITRAL Tribunal provided formal notice of the Arbitral Award to the parties.   (Dalloul Decl. ¶ 11).   Notwithstanding, the Republic has consistently and without justification refused to pay voluntarily to LibanCell the amounts due under the Arbitral Award. (Dalloul Decl. ¶ 12).

19.     Under Section 14.4 of the MTD, the "award of the UNCITRAL Tribunal shall be final and binding on the Parties . . . there shall be no appeal against any award made." (Dalloul Decl. Ex. C at 32).

20.     Under Article III of the New York Convention, each signatory "shall recognize arbitral awards as binding."

21.     On September 26, 2005, the Supreme Court of Paris, France, upon proper petition by LibanCell, issued its judgment, the Exequatur, of the Tribunal's award in favor of LibanCell and against the Republic (Dalloul Decl. Ex. D).

22.     The Exequatur constitutes a judgment pursuant to the laws of the Republic of France that is final, conclusive and enforceable where rendered, and in ordering the enforcement of the Arbitral Award, grants LibanCell recovery of a sum of money as set out in the Award.

23.     Pursuant to the New York Convention and the terms of the Arbitral Award, LibanCell is entitled to prejudgment interest, calculated at an appropriate rate, on the total amount of the Arbitral Award.

**WHEREFORE,** LibanCell respectfully prays for relief and judgment as follows:

a.     confirming the UNCITRAL Tribunal's Award in the amount of $265,158,184 in its favor, plus accrued interest at the one year LIBOR rate + 4, as directed by the Tribunal, from the date of the Arbitral Award through and including the date of this Court's judgment;

b.     directing that the Republic pay to LibanCell the amount of $265,158,184 plus accrued interest at the one year LIBOR rate + 4 from the date of notification of the Arbitral

Award through and including the date of this Court's judgment plus appropriate post-judgment interest;

        c.      in the alternative, directing entry of judgment enforcing the Exequatur of the Supreme Court of Paris, pursuant to New York CPLR Article 53, and directing the Republic to pay LibanCell the amount of $265,158,184 plus accrued interest at the one year LIBOR rate + 4 from the date of notification of the Arbitral Award through and including the date of this Court's judgment, and appropriate post-judgment interest; and

        d.      granting such other and further relief as the Court may deem just and equitable.

Dated: April 10, 2006

Respectfully submitted,

Eric L. Lewis (EL - 0038)
BAACH ROBINSON & LEWIS PLLC
1201 F Street, NW, Suite 500
Washington, DC 20004
(202) 833-8900
Attorneys for Petitioner LibanCell S.A.L.